CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Becky
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS TULLY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18cv00571 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Petitioner Thomas Tully, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Circuit Court of Frederick County. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court concludes that respondent's motion to dismiss must be granted and Tully's petition must be dismissed without prejudice as successive.

I.

In 2007, the Circuit Court of Frederick County convicted Tully of breaking and entering with the intent to commit assault and battery, malicious wounding, misdemeanor assault and battery, and two counts of maliciously causing bodily injury by a caustic substance. The court sentenced him to twenty-five years of incarceration. Tully appealed, and the Court of Appeals of Virginia and the Supreme Court of Virginia both denied his petitions. Tully filed two petitions for writs of habeas corpus, and the Supreme Court of Virginia denied both petitions, as well as a petition for a rehearing. Tully then filed a federal habeas petition in the United States District Court for the Eastern District of Virginia, which the court denied in 2011. See Tully v. Johnson, No. 3:10cv299 (E.D. Va. Feb. 23, 2011).

In 2015, Tully filed a third state habeas petition in the Circuit Court of Frederick County, claiming that the Commonwealth withheld exculpatory evidence and knowingly presented false

testimony. The Circuit Court found the claims defaulted and without merit. The Supreme Court of Virginia refused his appeal.

In 2016, Tully filed a second federal habeas petition, raising the same claims as in his 2015 state habeas petition. See Tully v. Clarke, 7:16cv296 (W.D. Va. May 8, 2017). The court determined that his petition was successive and that his claims were procedurally defaulted and without merit and, thus, dismissed the action. Id. Tully has now filed his third federal habeas petition which the court will dismiss as an unauthorized, successive petition.[1]

## II.

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the court may consider a second or successive § 2254 petition only upon specific authorization from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. 28 U.S.C. § 2244(b). "In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider a [successive] application." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see also Burton v. Stewart, 549 U.S. 147, 153 (2007). Tully already filed a § 2254 petition challenging the same convictions and sentence, and he has not submitted any evidence that he has obtained authorization from the Fourth Circuit to file a successive petition.

Nevertheless, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (quoting 28 U.S.C. § 2244). A numerically second collateral attack petition should not be considered second or successive where: a first petition is dismissed without prejudice for procedural reasons, such as failure to exhaust state court remedies, Id. at 235 (citing Slack v.

---

[1] Tully raises many claims, including multiple instances of ineffective assistance of counsel, prosecutorial misconduct, court error, and a due process violation based on an affidavit provided by one victim indicating that although she testified at trial that Tully did not live with her, in fact, he did live with her.

McDaniel, 529 U.S. 473, 485-89 (2000); there is a "new judgment intervening between the two habeas petitions," Magwood v. Patterson, 561 U.S. 320, 341-42 (2010), In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999); or "the facts relied on by the movant seeking resentencing did not exist when the numerically first [petition] was filed and adjudicated," United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).[2] None of these circumstances apply to the instant § 2254 petition because Tully's first § 2254 petition was adjudicated on its merits and not dismissed for procedural reasons, there has been no new judgment intervening his original and current § 2254 petitions, and the underlying facts on which Tully now relies existed when he filed his first § 2254 petition. Accordingly, the court will grant respondent's motion to dismiss Tully's petition without prejudice as successive. The court notes that Tully may seek certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2254 motion. Tully must submit a copy of the successive § 2254 motion to the Fourth Circuit, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2254 motion. See 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion have already been provided to Tully by counsel for respondent and are also available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St, Richmond, VA 23219.

ENTER: This 27th day of August, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[2] Tully's argument that the court should entertain his petition based on McQuiggin v. Perkins, 569 U.S. 383 (2013), is misplaced. The Supreme Court in McQuiggin determined that a viable claim of actual innocence could, in some circumstances, excuse procedural default and allow otherwise barred claims to be heard in a federal habeas petition. 569 U.S. at 392. However, the court expressly confined its holding to first habeas petitions. Id. at 396-97; In re Bolin, 811 F.3d 403, 411 (11th Cir. 2016). This is not Tully's first habeas petition and, therefore, McQuiggin has no effect.